# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BANNER HEALTH,                                    )
                                                  )
    Plaintiff,                                    )
                                                  )
       v.                                       )          No. 1:07-cv-1614-RBW
                                                  )
MICHAEL O. LEAVITT                                )
 in his official capacity as Secretary, U.S.      )
 Department of Health and Human Services,         )
                                                  )
    Defendant.                                    )

## ANSWER

Defendant Michael O. Leavitt, Secretary of the United States Department of Health and Human Services ("HHS"), by and through his undersigned counsel, answers the Complaint as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction to review the Secretary's decisions regarding payment for some of the cost reporting periods at issue in this case.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Using the same numbering as the Complaint, the Secretary answers the numbered paragraphs of the Complaint as follows:

1.      Denies knowledge or information sufficient to admit or deny that plaintiff hospital is not-for-profit; admits that it participates in the Medicaid and Medicare programs. Admits the existence of the cited judicial decisions, to which the Court is referred for a full and accurate statement of their contents. *See Jewish Hosp., Inc. v. Sec'y HHS,* 19 F. 3d 270 (6th Cir.

1994).  The balance of this paragraph contains plaintiff's characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

2.     First sentence:  denies, except to admit the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II); 42 C.F.R. § 412.106(b)(4).  Second sentence:  admits.  Third sentence:  denies, except to admit the existence of the cited stipulation, to which the Court is referred to for a full and accurate statement of its contents.  *See* Admin. Record ("AR") 192-93 ¶ 6 [Filed herewith].  Fourth sentence:  denies.

3.     First sentence:  denies, except to admit the existence of the cited judicial decision, to which the Court is referred for a full and accurate statement of its contents.  *See In re: Medicare Reimbursement Litig., Baystate Health Sys. v. Leavitt*, 414 F.3d 7 (D.C. Cir. 2005). The balance of this paragraph contains plaintiff's characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies.

4.     This paragraph contains plaintiff's characterization of this action and conclusions of law, not allegations of fact, and, therefore, no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited judicial decisions, to which the Court is referred for a full and accurate statement of their contents.  *See In re: Medicare Reimbursement Litig., Baystate Health Sys. v. Leavitt*, 309 F. Supp. 2d 89 (D.D.C. 2004); *St. Joseph's Hosp. v. Leavitt*, 425 F. Supp. 2d 94 (D.D.C. 2006).

5.     Denies, except to admit that plaintiff brings this action under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 *et seq.* (the "Medicare statute").

6.      Denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents, *see* 42 U.S.C. § 1395oo(f)(1), and that the Court's subject matter jurisdiction is limited to judicial review in accordance with the Medicare statute.

7.      Admits that venue lies in this judicial district pursuant to 42 U.S.C. § 1395oo(f)(1).

8.      Denies knowledge or information sufficient to admit or deny that plaintiff is not-for-profit; admits that it participates in the Medicare program.  Admits that plaintiff operates hospitals in Arizona, and that the stated cost years for each hospital are at issue.

9-10.   Admits.

11.     Admits the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. §§ 1395c-1395i-4 & 1395d(a)(1).  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

12.     Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  *See* 42 U.S.C. § 1395h.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

13.     Admits the existence of the cited regulatory provision and judicial decision, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 C.F.R. § 405.1803; *Baystate*, 309 F. Supp. 2d 89.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

14.     Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  *See* 42 U.S.C. § 1395oo(h).  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

15.     Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  *See* 42 U.S.C. § 1395oo(h).  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

16.     Admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

17.     Admits the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.  *See* 42 U.S.C. § 1395oo(f); 42 C.F.R. § 405.1875.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

18.     Admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  *See* 42 U.S.C. § 1395oo(f).  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

19.     Admits the existence of 42 U.S.C. §§ 1395f(b) & 1395ww(d), as well as 42 C.F.R. Part 412, to which the Court is referred for an accurate description of the prospective payment system ("PPS") for the operating costs of inpatient hospital services.  Admits the

- 4 -

existence of the judicial decision, to which the Court is referred for a full and accurate statement of their contents. *See Baystate*, 309 F. Supp. 2d 89. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

20.     This paragraph contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

21.     Admits the existence of 42 U.S.C. §§ 1395ww(d)(5)(F) and 42 C.F.R. § 412.106, to which the Court is referred for an accurate description of disproportionate share hospital ("DSH") payments.

22.     Admits the existence of the judicial decision, to which the Court is referred for a full and accurate statement of their contents. *See Samaritan Health Ctr. v. Heckler,* 636 F. Supp. 503 (D.D.C. 1985). The balance of this paragraph contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

23.     Admits the existence of the judicial decision, to which the Court is referred for a full and accurate statement of their contents. *See Jewish Hosp.,* 19 F.3d 270. The balance of this paragraph contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

24.     Admits the existence of 42 U.S.C. §§ 1395ww(d)(5)(F), to which the Court is referred for an accurate description of DSH payments. The balance of this paragraph contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

25-26.  Admits the existence of 42 U.S.C. § 1395ww(d)(5)(F) and 42 C.F.R. § 412.106, to which the Court is referred for an accurate description of DSH payments. The balance of

these paragraphs contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

27.    Admits.

28.    Admits the existence of 42 U.S.C. § 1395ww(d)(5)(F), to which the Court is referred for an accurate description of DSH payments.  The balance of this paragraph contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

29.    Admits the existence of the cited judicial decision, to which the Court is referred for a full and accurate statement of its contents.  *See Jewish Hosp.,* 19 F.3d 270.

30.    Admits the existence of 42 C.F.R. § 412.106(b)(4), to which the Court is referred for an accurate description of the intermediary's role in determining DSH payments.  The balance of these paragraphs contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

31.    Admits the existence of the cited Federal Register notice, to which the Court is referred for an accurate description of the intermediary's role in determining DSH payments. *See* 51 Fed. Reg. 16772 (May 6, 1986).  The balance of these paragraphs contains plaintiff's characterization of the Medicare program and conclusions of law, not allegations of fact, and, therefore, no response is required.

32.    Admits.

33.    Admits the existence of 42 U.S.C. §§ 1396 *et seq.*, to which the Court is referred for an accurate description of the Medicaid program.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

34.    Admits the existence of 42 U.S.C. § 1396d(a)(1), to which the Court is referred for an accurate description of the payments under the Medicaid program. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

35.    This paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

36.    Denies, except to admit the existence of a letter from Dennis G. Smith, Dir., CMS to State Medicaid Directors (Aug. 16, 2002), to which the Court is referred for a full and accurate statement of its contents. [Attached hereto].

37.    Admits the existence of 42 U.S.C. § 1315, to which the Court is referred for an accurate description of the Secretary's authority to waive certain Medicaid requirements. Admits the existence of the cited judicial decision, to which the Court is referred for a full and accurate statement of its contents. *See Cookville Regional Med. Ctr. v. Thompson*, 2005 WL 3276219 (D.D.C. 2005), *abrogated by statute,* Deficit Reduction Act of 2005 ("DRA"), Pub. L. No. 109-171, § 5002, 120 Stat. 4, 31 (Feb. 8, 2006), *and rev'd,* 2006 WL 2787831 (D.D.C. 2006), *appeal pending*, No. 07-5252 (D.C. Cir.). The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

38.    Admits the existence of the cited judicial decision, to which the Court is referred for a full and accurate statement of its contents. *See Pharm. Research & Manu. of Am. v. Thompson*, 191 F. Supp. 2d 48 (D.D.C. 2002). The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

39.    Admits the existence of 42 U.S.C. § 1315(a)(2), to which the Court is referred for an accurate description of the Secretary's authority to waive certain Medicaid requirements.

- 7 -

Admits the existence of the cited judicial decisions, to which the Court is referred for a full and accurate statement of their contents. *See Portland Adventist v. Thompson*, 399 F.3d 1091, 1099 (9th Cir. 2005), *abrogated by statute,* DRA, Pub. L. No. 109-171, § 5002, 120 Stat. 4, 31; *Cookville Regional Med. Ctr. v. Thompson*, 2005 WL 3276219. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

40.    Admits the existence of the cited judicial decisions, to which the Court is referred for a full and accurate statement of their contents. *See Portland Adventist v. Thompson*, 399 F.3d 1091; *Cookville Regional Med. Ctr. v. Thompson*, 2005 WL 3276219. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

41.    Admits the existence of the cited Federal Register Notices, to which the Court is referred for a full and accurate statement of their contents. *See* 51 Fed. Reg. 31454 (Sept. 3, 1986); 51 Fed. Reg. 16722 (May 6, 1985). Admits the existence of the cited judicial decision, to which the Court is referred for a full and accurate statement of its contents. *See Baystate,* 309 F. Supp. 2d 89. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

42.    Admits the existence of the cited judicial decision, to which the Court is referred for a full and accurate statement of its contents. *See Baystate,* 309 F. Supp. 2d 89. Admits the existence of 42 C.F.R. § 412.106(b)(4), and to the cited Federal Register Notice, to which the Court is referred for a full and accurate statement of their contents. *See id.*; 63 Fed. Reg. 40954 (Jul. 31, 1998). The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

43.    This paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required; to the extend a response is deemed required, denied.

44.    Denies, except to admit the existence of the cited exhibits, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 386-87, 393-94, 396.

45.    Denies, except to admit the existence of the cited exhibits, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 389-91, 393-94.

46-48.  Denies, except to admit the existence of Program Mem. A-99-62, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 401-07.

49.  Admits the existence of Program Mem. A-99-62, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 401-07.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

50.    Admits.

51.    Admits that the Arizona Health Care Cost Containment System was created by State law in 1981.  Admits the existence of Ariz. Rev. Stat. §§ 36-2901 *et seq.* to which the Court is referred for a full and accurate statement of their contents.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

52.    Admits the existence of the cited stipulation, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 192.  Admits the existence of the cited exhibit, the 2002 AHCCCS Overview, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 226-39.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

- 9 -

53.    Admits the existence of the cited exhibit, CMS Fact Sheet: Ariz. Statewide Health Reform Demo., to which the Court is referred for a full and accurate statement of its contents.   *See* AR 241-45.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

54.    Admits the existence of the cited stipulation, to which the Court is referred for a full and accurate statement of their contents. *See* AR 192.  Admits the existence of the cited exhibit, the 2002 AHCCCS Overview, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 226-39.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

55-57.  Admits the existence of the cited stipulations, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 193. The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

58.    Admits the existence of Ariz. Rev. Stat. §§ 11-297, 36-2901.4, 36-2905, 2905.03, to which the Court is referred for a full and accurate statement of their contents.  AR 281-99, 301-12, 314-29.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

59-60.  Denies knowledge or information sufficient to admit or deny these allegations. However, to the extent "medical assistance" is intended to mean Medicaid, the balance of these paragraphs contains conclusions of law, not allegations of fact, and, therefore, no response is required.  Admits the existence of the cited transcript, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 109-91.

61.    Admits that Arizona applied for and defendant approved DSH payments effective October 1, 1991 under the AHCCCS waiver.  *See* AR 335-42.

62.     Admits the existence of the cited stipulation, cited exhibit, and cited transcript, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 109-91, 193, 344.  The balance of this paragraph contains conclusions of law, not allegations of fact, and, therefore, no response is required.

63-65.  Admits the existence of the cited stipulations, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 193.   Denies knowledge or information sufficient to admit or deny the balance of these allegations.

66-67.  Admits the existence of the cited stipulation and cited transcript, to which the Court is referred for a full and accurate statement of their contents.  *See* AR 109-91, 193.  Denies knowledge or information sufficient to admit or deny the balance of these allegations.

68.     Admits the existence of the cited transcript, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 109-91.  Denies knowledge or information sufficient to admit or deny the balance of these allegations.

69.     Denies, except to admit the existence of the cited transcript, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 109-91.

70.     Denies, except to admit the existence of the cited stipulation and cited exhibit, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 193, 449.

71.     Denies, except to admit the existence of the cited stipulation and cited transcript, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 109-91, 193.

72.     Admits the existence of the cited administrative decision, to which the Court is referred for a full and accurate statement of its contents.  *See* AR 59-72.

73. Admits the existence of the cited administrative decision, to which the Court is referred for a full and accurate statement of its contents. *See* AR 2-25.

74. First sentence: admits the existence of the cited administrative, to which the Court is referred for a full and accurate statement of its contents. *See* AR 2-25. Second sentence: denies sufficient knowledge or information sufficient to admit or deny that the decision was mailed to the plaintiffs' counsel on July 16, 2007; avers that the decision was transmitted by letter from Jacqueline Vaughn, Attorney Advisor, CMS, to Christopher L. Keough , Esq., dated July 9, 2007. *See* AR 1. Denies sufficient knowledge or information sufficient to admit or deny that the hospitals's counsel received the decision on July 19, 2007.

75-77. Admits the existence of the cited administrative, to which the Court is referred for a full and accurate statement of its contents. *See* 2-25.

78-80. Denies.

81. Denies that plaintiff is entitled to these remedies.

Defendant specifically denies all allegations in plaintiff's Complaint not otherwise answered or qualified herein. In addition, defendant denies that plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

WHEREFORE, defendant request that plaintiff's Prayer for Relief be denied, that this action be dismissed with prejudice, and that defendant be awarded his costs and such other relief as may be appropriate.

Dated: December 19, 2007

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

KENNETH L. WAINSTEIN
U.S. Attorney for the District of Columbia

SHEILA LIEBER
Deputy Director, Federal Programs Branch

/s/ James D. Todd, Jr.
JAMES D. TODD, JR., Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
(202) 514-3378
(202) 616-8470 (fax)
*james.todd@usdoj.gov*
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2007, a copy of the foregoing pleading, together with proposed order, was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

CHRISTOPHER L. KEOUGH, Esq.
Vinson & Elkins, L.L.P.
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, DC 20004
(202) 639-6745
(202) 879-8945 fax
*ckeough@velaw.com*

STEPHANIE A. WEBSTER, Esq.
Vinson & Elkins, L.L.P.
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 639-6634
(202) 879-8832 fax
*swebster@velaw.com*
Attorneys for Plaintiff

<u>/s/ James D. Todd, Jr.</u>
JAMES D. TODD, JR.

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland 21244-1850



---

**Center for Medicaid and State Operations**

SMDL #02-013

August 16, 2002

Dear State Medicaid Director:

I am writing to you to clarify policy regarding the Medicaid disproportionate share hospital (DSH) program. Section 1902(a)(13) of the Social Security Act (the Act) provides that Medicaid inpatient hospital payment rates take into account the situation of hospitals that serve a disproportionate number of low-income patients with special needs. Section 1923 of the Act requires that state DSH programs recognize those hospitals that serve a disproportionate number of Medicaid and low-income patients by providing additional Medicaid payments to those hospitals that qualify. This letter clarifies questions states and providers have regarding the Medicaid DSH program, supplemental upper payment limit (UPL) payments, and payment for prisoner inmate care.

**Medicaid Supplemental UPL Payments and the Calculation of the OBRA 93 Uncompensated Care Cost Limits**

The Omnibus Budget Reconciliation Act of 1993 (OBRA 93) added section 1923(g) of the Act to require that states pay no more in DSH payments than 100 percent of each hospital's uncompensated care costs. The Benefits Improvement and Protection Act (BIPA) of 2000 increased the DSH limit to 175 percent of a hospital's uncompensated care for a period of two years for state fiscal years beginning after September 30, 2002, for all qualifying public hospitals.

When a state calculates the uninsured costs and the Medicaid shortfall for the OBRA 93 uncompensated care cost limits, it must reflect a hospital's costs of providing services to Medicaid patients and the uninsured, net of Medicaid payments (except DSH) made under the state plan and net of third party payments. States should be aware that Medicaid payments include any supplemental or enhanced upper payment limit payments paid to hospitals under the state plan. Not recognizing these Medicaid payments would overstate a hospital's amount of uninsured costs and Medicaid shortfall, thus inflating the OBRA 93 uncompensated care cost limits for that particular hospital.

**Prisoner Inmate Care and the Calculation of the OBRA 93 Uncompensated Care Cost Limits**

Section 1923(g) of the Social Security Act establishes a hospital-specific DSH limit. It limits Medicaid payments to the costs incurred during the year of furnishing hospital services by the hospital to individuals who are either eligible for medical assistance under the State plan or have no health insurance or source of third party coverage for services provided during the year. Inmates of correctional facilities are wards of the State. As such, the State is obligated to cover their basic economic needs (food, housing, and medical care) because failure to do so would be in violation of the eighth amendment of the Constitution. Therefore, because these individuals

Page 2 – State Medicaid Director

have a source of third party coverage, they are not uninsured, and the State cannot make DSH payments to cover the costs of their care.

Further, this conclusion is consistent with Section 1905(a) of the Social Security Act and the regulations at 42 CFR 435.1008 and 435.1009, which prohibit (FFP) for services, provided to inmates of public institutions. To read section 1923(g) of the Social Security Act to permit additional DSH payments for the costs of prisoner care would directly conflict with this statutory prohibition, and effectively render the statutory prohibition meaningless.

**Calculation of the Medicaid Inpatient and Low-Income Utilization Formula**

Section 1923(b) of the Act spells out two formulas states must use to determine which hospitals, at a minimum, receive payments under the DSH program. The first formula, the Medicaid inpatient utilization rate formula, accounts for inpatient hospital days attributable to patients who for such days were eligible for medical assistance under a state plan approved under title XIX of the Act. The second formula, the low-income utilization rate formula, accounts for inpatient payments paid for patient services under a Medicaid state plan and charges for charity care.

Section 701(b) of BIPA amended the low-income utilization rate formula and the Medicaid inpatient utilization rate formula. Effective with DSH payments made on or after January 1, 2001, states must count Medicaid days of patients enrolled in managed care in the calculation of the Medicaid inpatient utilization rate, and count Medicaid payments paid by a managed care entity on behalf of the state in the calculation of the low-income utilization rate. Please ensure that all DSH eligibility determinations made after January 1, 2001 comply with this requirement.

If you have any questions regarding the clarification provided, please contact the National Institutional Reimbursement Team (NIRT) at (410) 786-3284 or submit your questions to the NIRT directly via e-mail (NIRT@cms.hhs.gov).

Sincerely,

/s/

Dennis G. Smith
Director

cc:
CMS Regional Administrators

CMS Associate Regional Administrators
    for Medicaid and State Operations

Page 3 – State Medicaid Director

Lee Partridge
Director, Health Policy Unit
American Public Human Services Association

Joy Wilson
Director, Health Committee
National Conference of State Legislatures

Matt Salo
Director of Health Legislation
National Governors Association

Brent Ewig
Senior Director, Access Policy
Association of State and Territorial Health Officials

Jim Frogue
Acting Director, Health and Human Services Task Force
American Legislative Exchange Council

Trudi Matthews
Senior Health Policy Analyst
Council of State Governments