**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BANNER HEALTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-1614-RBW |
| | ) | |
| MICHAEL O. LEAVITT, | ) | |
| in his official capacity as Secretary, U.S. | ) | |
| Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTIONS TO STRIKE AND FOR LEAVE TO FILE A SURREPLY**

**PRELIMINARY STATEMENT**

This case concerns a dispute over whether the Secretary of Health and Human Services

owes additional Medicare payments to plaintiff's four hospitals located in and around Phoenix

because, in the relevant cost years, those hospitals treated a disproportionate share of low-income

patients, specifically defined by statute as those patients who were eligible for Medicaid (but not

Medicare) benefits or for Supplemental Security Income ("SSI") benefits.  Known as Medicare

disproportionate share hospital ("DSH") payments, these additional payments are based, in part, on

a calculation of the percentage of inpatient hospital days of patients eligible for Medicaid (but not

Medicare) as compared to the total number of hospital inpatient days (referred to the "Medicaid

fraction" or the "Medicaid proxy").[1]  Plaintiff seeks to include in the numerator of the Medicaid

fraction not only the hospital days of patients eligible for Arizona's State Medicaid plan (which are

not at issue) but also the days of patients who received health care benefits designed and

exclusively funded by the State of Arizona under the Medically Needy/Medically Indigent,

---

[1]  This case does not concern the calculation of the SSI days, often referred to as the "Medicare proxy."

Eligible Low-Income Children, and Eligible Assistance to Children programs (collectively "State-only programs") operated by a single state agency, the Arizona Health Care Cost Containment System ("AHCCCS").

The administrative record in this case makes clear that AHCCCS operated two distinct, types of programs (*i.e.*, the program for individuals eligible for Medicaid and the State-only programs) throughout all times relevant to this litigation, and the Secretary so found in his final determination. Rather than advance a legal argument about whether the Secretary properly excluded from the Medicaid Proxy of the Medicare DSH adjustment the inpatient days of individuals receiving care under AHCCCS's State-only programs, plaintiff has chosen instead to argue the factual contention that the Secretary approved AHCCCS's State-only programs as part of Arizona's State plan. The Secretary has challenged plaintiff's assertion throughout this litigation, but in order to *rebut* plaintiff's assertion definitively, the Secretary advanced arguments that referenced three documents which the Secretary attached to his reply. It is beyond dispute that Secretary's reply brief is not a pleading, yet, contrary to this Court's decisions, plaintiff improperly moves to strike it and to require the Secretary to refile its reply brief without the attached documents or any reference to them in the reply. Ironically, however, it is the plaintiff who seeks to rely most heavily on non-record evidence, in its complaint, its motion for summary judgment, its combined opposition and reply, and its proposed surreply. If anything, this Court should disregard plaintiff's reliance on such non-record evidence. By contrast, because the Secretary only attached the letters to *rebut* plaintiff's unfounded assertions, and in order to review the Secretary's determination fairly, this Court should have before it the same information that made available to the Secretary when he issued his final determination. Accordingly, this Court should deny plaintiff's motion to strike.

In the course of this litigation, the Secretary filed the administrative record and the parties

agreed on a briefing schedule that provided for plaintiff to file its motion for summary judgment first, followed by the Secretary's combined opposition and cross-motion for summary judgement, plaintiff's combined opposition and reply, and finally the Secretary's reply. Unhappy with the Secretary's response to plaintiff's opposition, plaintiff also proposes to file a surreply that does not provide any useful information that is not already part of the record, but rather merely restates the facts and arguments presented in the complaint, plaintiff's opening brief, and the opposition to the defendant's summary judgment motion, and then attempts to raise an entirely new challenge to the Secretary's final determination that was not the subject of its complaint or its prior briefing in this case. Accordingly, consistent with this Court's decisions, this Court should also deny plaintiff's motion for leave to file a surreply.

## ARGUMENT

### I.    PLAINTIFFS' MOTION TO STRIKE IS INAPPROPRIATE

Plaintiff moves to strike defendant's reply in support of his motion for summary judgment. Motions to strike are permissible only as to pleadings, not as to briefs, motions, or exhibits. *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) ("Because the defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike only apply to pleadings, the plaintiff's motion to strike is improperly directed at the defendants' reply.") (citing Fed. R. Civ. P. 12(f)). *See also Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006); *Kopf v. Battaglia*, 425 F. Supp. 2d 76, 86 n.13 (D.D.C. 2006); *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005) (denying motions to strike materials on this same basis). Here, because the reply brief that plaintiff seeks to strike is "not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike apply only to pleadings, the plaintiff's motion to strike is improper." *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Moreover, even if the challenged reply were a pleading under Fed. R. Civ. P. 7(a), which it

is not, it could only be stricken if it contained "redundant, immaterial, impertinent, or scandalous matter." *Id.* (citing Fed. R. Civ. P. 12(f)).  Further, plaintiff has not even attempted to carry its burden to show that such a "drastic" and "disfavor[ed]" action is warranted as to either of the exhibits. *Naegele*, 355 F. Supp. 2d at 142 ("In considering a motion to strike, the court will draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike.  Consequently, the burden lies with the movant.") (internal citations omitted). Accordingly, plaintiff's motion to strike should be denied on this basis alone.

The focus of plaintiff's motion to strike is the text of a footnote to defendant's reply brief and three documents that defendant attached to his brief and discussed in the footnote. Defendant's reply advanced the arguments contained the footnote and attached the documents, not to establish the truth of the matter asserted, but to *rebut* definitively plaintiff's unrelenting yet completely unfounded insistence that the Secretary approved, pursuant to Title XIX of the Social Security Act, as part of the Arizona State Medicaid Plan, the Medically Needy/Medically Indigent, Eligible Low-Income Children, and Eligible Assistance Children programs (collectively, the "State-only programs") operated by the Arizona Health Care Cost Containment System ("AHCCCS") that are the heart of the dispute in this case.

Plaintiff objects that the attached documents were not part of the administrative record in this case.  However, throughout this litigation, plaintiff has also sought to rely on non-record evidence–a 2002 letter from the Secretary to State agencies–not for purposes of rebuttal but rather to advance its case in chief.  Plaintiff advanced arguments about this letter in its motion for summary judgment, Pl. Mem. 3, 9, 24, 25, its combined opposition and reply, Pl. Opp'n & Reply at 13-15, and, as shown below, its proposed surreply brief.  Pl. Proposed Surreply at 8-10.  But the letter is not part of the administrative record; rather Secretary attached this letter to his Answer and simply referred it to the Court in its entirety to respond to the inaccurate allegations plaintiff made

about the letter in its complaint.  *See* Compl. ¶¶ 2,  36, 59, 62.  The Secretary advanced no

arguments about the letter in its motion for summary judgment because the letter has nothing to do

with the issues in this dispute, and because the letter is not part of the record.  If this court is to

disregard any non-record evidence in this case, it should be the 2002 letter, and all references

plaintiff makes to it.

By contrast, as cannot be emphasized enough, the Secretary does not rely on the documents

that are the subject of plaintiff's current motion to strike for the truth of the matter asserted but

rather to rebut plaintiff's claim.  The first of the three documents was part of the administrative

record in a contemporaneous final determination concerning a different set of Arizona hospitals

raising nearly identical claims about the same State-only populations.  *See Ariz. 96-99 DSH Group*

*Provider v. Blue Cross /Blue Shield Ass'n*, No. 2007-D29, 2007 WL 2238625 (Decision of

Admin., July 6, 2007), *on review, Phoenix Mem'l Hosp. v. Leavitt,* No. 2:07-cv-1720 (D. Ariz.).

And the latter two documents are letters exchanged between AHCCCS and the Secretary

concerning the State-only programs.  To argue that the Secretary was not aware of any of these

documents when he made his final determination in this case that inpatient days of the State-only

populations should be excluded from the numerator of the Medicaid proxy of the Medicaid DSH

provision is absurd; to argue that the Secretary may not use them for rebuttal is meritless.  Indeed,

especially in light of the fact that plaintiff has sought to rely so heavily on non-record evidence, it

would appear that the true basis for plaintiff's motion to strike is not that the arguments in this

footnote concern documents that are not part of the administrative record but that the documents

are a devastating rebuttal to plaintiff's claim.  But just as the Secretary's regulations allow him, in

making his final determination, to consider, in addition to the submissions of the parties before the

Board, "[g]enerally known facts that are not subject to *reasonable* dispute," 42 C.F.R.

§ 1875(g)(3)(iii) (emphasis added), so, too, should this Court have the benefit of these documents

in order to be able to review the Secretary's final determination fairly.  *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have neither more *nor less* information than did the agency when it made its decision." (emphasis added)).  Moreover, even if the Court were to find that materials the Secretary referenced in the footnote of his reply were not before him at the time he issued his final determination, the Court should still consider them as explanatory of the Secretary's decision. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Envtl. Def. Fund, Inc. v. Castle*, 657 F.2d 275, 284-85 (D.C. Cir. 1981) (recognizing "a judicial venture outside the record. . . [for] background information, or to determine the presence of the requisite fullness of the reasons given").  Accordingly, this Court should deny plaintiff's motion to strike.

## II.    PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IS IMPROPER

In the course of this litigation, the Secretary filed the administrative record and the parties agreed on a briefing schedule that provided for plaintiff to file its motion for summary judgment first, followed by the Secretary's combined opposition and cross-motion for summary judgement, plaintiff's combined opposition and reply, and finally the Secretary's reply.  Plaintiff now moves for leave to file a surreply opposing defendant's motion for summary judgment.  The Court should deny plaintiff's motion for leave because plaintiff has not demonstrated any need for additional briefing.  The arguments in plaintiff's proposed surreply could have been, and in many cases already have been, addressed in its combined opposition and reply brief; defendant's reply memorandum did not raise "new arguments" as plaintiff contends, but instead simply responded to the arguments in plaintiff's combined opposition and reply; the proposed surreply plaintiff has lodged with the Court far exceeds any legitimate purpose of a surreply.  In short, the Court need not let itself be "turned into a trampoline for the excess energies of litigants whose need to have the last word exceeds the boundaries of fair briefing of issues."  *Allnut v. U.S. Dep't of Justice*, No.

- 6 -

Civ. Y-98-901, 2000 WL 852455, *15 (D. Md. Oct. 23, 2000).

This Court has denied leave to file a surreply where "the arguments raised in [movant's] surreply could have been raised in [its] opposition brief." *Corel Corp. v. United States*, 165 F. Supp. 2d 12, 18 n.1 (D.D.C. 2001). Surreplies have frequently been denied on similar grounds in other cases in this District. *See, e.g., United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) ("'A surreply may be filed . . . only to address new matters in a reply, to which a party would otherwise be unable to respond.'") (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Cars., Inc.*, 238 F. Supp. 2d 270, 275 (D.D.C. 2002)); *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 121-22 (D.D.C. 2003) (rejecting surreply because arguments plaintiff claimed were made first on reply were actually included in original motion); *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (rejecting surreply that "consists of a reiteration of arguments made in [plaintiff's] original response to the defendant's motion for summary judgment"). In particular, where the reply brief "merely respond[ed] to the plaintiff's arguments contained in [its] opposition, . . . it is not appropriate to permit the surreply to be filed." *Lightfoot v. District of Columbia*, No. 04-1280 (RBW), 2006 WL 54430, *1 n.1 (D.D.C. Jan. 10, 2006).

Under these standards, it is clear that plaintiff's proposed surreply brief should not be allowed. Plaintiff takes issue with the Secretary's *response* in his reply to plaintiff's arguments about: (i) the Secretary's Answer; (ii) stipulations entered into between the fiscal intermediary and the plaintiff; (iii) a 2002 letter from the Secretary to State Medicaid Directors, and (iv) the Secretary's "Hold Harmless" determination. Pl. Mot. for Leave at 3-4.[2] However, the Secretary's argument about his Answer was made in *response* to plaintiff's assertion, Pl. Opp'n & Reply at 5,

___

[2] Indeed, plaintiff's own language betrays that its articulated need for a surreply is contrived. *See, e.g.,* Pl. Mot. for Leave at 2 ("In all of this, as pointed out in Plaintiff's *last* brief . . .") (emphasis added). But when "[t]he plaintiff's own use of language, illustrates the plaintiff's attempt to merely respond to the defendant's previously raised arguments," *Robinson*, 211 F. Supp. 2d at 113, a surreply is not to be permitted.

that the Secretary's final determination reversing the Board was unsupported by substantial evidence; it consisted of only ten words that discounted the significance of the admission, Def. Reply at 7, in an argument that was comprised primarily of additional quotes from the Secretary's final determination below, Def. Reply at 4-8, to *respond* to plaintiff's contention that the Secretary's argument in his opening brief was a *post-hoc* rationalization. Pl. Opp'n & Reply at 5-10. Moreover, plaintiff's proposed surreply on this point simply summarizes its arguments contained in its previous briefs. Pl. Proposed Surreply at 3 (citing Pl. Mem. at 18-22; Pl. Opp'n & Reply at 10-12). Similarly, the Secretary's arguments about the stipulations in proceedings to which his was not a party were made in *response* to plaintiff's challenge, Pl. Opp'n & Reply at 6 (citing Def. Mem. *passim*) to the Secretary's arguments in his opening brief, Def. Mem. at 13, 22-23, and the Secretary's *response* to plaintiff's statement of material facts, *compare, e.g.*, Pl. Statement of Material Facts ¶ 4 *with* Def. Response to Pl. Statement of Material Facts ¶ 4. So, too, were the Secretary's arguments about the 2002 letter, Def. Reply at 10-11, merely *responding* to the plaintiff's arguments about that letter in its opposition. Pl. Opp'n & Reply at 14-15. Further, plaintiff's proposed surreply merely summarizes its prior arguments on this point. *See* Pl. Proposed Surreply at 8 (citing Pl. Mem. at 22-25); *id.* at 12 (citing Pl. Mem. at 20-22); *id.* at 13 (citing Pl. Mem. at 23; Pl. Opp'n & Reply at 13). In addition, as noted above, this letter is not even part of the administrative record in this case, and so should not serve as a basis for plaintiff's claims, let alone be grounds for leave to file a surreply. Finally, the Secretary's arguments about his "Hold Harmless" determination, Def. Reply at 17-18, were made in *response* to plaintiff's challenge in its opposition, Pl. Opp'n & Reply at 25-27, and, indeed, the Secretary merely quoted an additional part of final determination below. Def. Reply at 17-18. Again, plaintiff's proposed surreply on this point merely refers back to its previous briefs, Pl. Proposed Surreply at 13 (citing Pl. Mem. at 27-30, Pl. Opp'n & Reply at 25-29), before attempting to raise a new claim

concerning the Secretary's final determination, Pl. Proposed Surreply at 14-15, that plaintiff chose not to raise in its complaint, its motion for summary judgment, or its combined opposition and reply. Thus, contrary to plaintiff's assertion, defendant's reply "merely respond[ed] to the plaintiff's arguments contained in [plaintiff's] opposition." *Lightfoot*, 2006 WL 54430, at *1 n.1. Accordingly, "the plaintiff's proposed surreply does not provide any useful information that is not already part of the record," but rather "merely restates the facts and arguments presented in the . . . complaint[, plaintiff's opening brief,] and the opposition to the defendant['s] motion," *Davis*, 290 F. Supp. 2d at 122, in an attempt to get another bite at the apple, and thus should not be permitted by this Court.

In sum, the Court has already received voluminous briefing in this matter, plaintiff has had a more than adequate opportunity to address the relevant issues surrounding this case, and those issues have been thoroughly elucidated. Plaintiff is not entitled to a surreply merely because it insists on having the last word or because it has become dissatisfied with the original briefs it filed. *See Corel*, 165 F. Supp. 2d at 18 n.1.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's Motion to Strike and for Leave to File a Surreply.

Dated:  May 8, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
U.S. Attorney for the District of Columbia

SHEILA LIEBER
Deputy Director, Federal Programs Branch

/s/ James D. Todd, Jr.
JAMES D. TODD, JR., Senior Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
(202) 514-3378
(202) 616-8470 (fax)
*james.todd@usdoj.gov*
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2008, a copy of the foregoing pleading, together with

proposed order, was filed electronically via the Court's ECF system, through which a notice of the

filing will be sent to:

CHRISTOPHER L. KEOUGH, Esq.
Vinson & Elkins, L.L.P.
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, DC 20004
(202) 639-6745
(202) 879-8945 fax
*ckeough@velaw.com*

STEPHANIE A. WEBSTER, Esq.
Vinson & Elkins, L.L.P.
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 639-6634
(202) 879-8832 fax
*swebster@velaw.com*
Attorneys for Plaintiff

/s/ James D. Todd, Jr.
JAMES D. TODD, JR.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BANNER HEALTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-1614-RBW |
| | ) | |
| MICHAEL O. LEAVITT, | ) | |
| in his official capacity as Secretary, Department | ) | |
| of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE AND FOR LEAVE TO FILE A SURREPLY**

Upon consideration of the Plaintiff's Motion to Strike and for Leave to File a Surreply and the Defendant's Opposition thereto: for the reasons set for in Defendant's Opposition, it is hereby ORDERED that the Plaintiff's Motion to Strike is DENIED, and it is further ORDERED that Plaintiff's Motion for Leave to File a Surreply is DENIED. Accordingly, the Clerk is directed to REJECT Plaintiff's Lodged Surreply.

Dated: _____

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Court Judge