UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BANNER HEALTH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07-cv-1614 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, | ) | |
| Secretary, United States Department | ) | |
| of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTIONS TO STRIKE AND FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff responds to Defendant's Opposition to Plaintiff's Motions to Strike and for Leave to File a Sur-Reply [Doc. No. 31] (hereinafter "Defendant's Opposition" or "Def. Opp.") as follows:

**1.   The Court Should Strike the New Evidence Not Found in the Secretary's Certified Administrative Record.**

It is axiomatic that the Court's review of the Secretary's final decision should be based solely upon the record evidence that was before the agency. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("review is to be based on the full administrative record that was before the Secretary at the time he made his decision"). If the Court determines that the final agency decision is unsupported by substantial evidence in the record, then the Court must set it aside. *See* 5 U.S.C. § 706(2)(E); *Biloxi Reg'l Med. Ctr. v. Bowen*, 835 F.2d 345, 348-49 & n.13 (D.C. Cir. 1987). The "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (*quoting Camp v. Pitts*, 411 U.S. 138,

142 (1973)); s*ee Overton Park*, 401 U.S. at 419 (rejecting litigation affidavits offered to supplement the administrative record as "merely 'post hoc' rationalizations, . . . which have traditionally been found to be an inadequate basis for review" ); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision . . . . To review more than the information before the Secretary at the time she made her decision risks our requiring administrators to be prescient or allowing them to take advantage of post hoc rationalizations."). Defendant is familiar with this principle. *See* Reply in Support of Defendants' Motion for Summary Judgment at 21, *Baystate Med. Ctr. v. Leavitt*, Civ. No. 06-01263 (D.D.C. June 18, 2007) (Defendant Secretary stating in another Medicare DSH case that "[i]n some cases, one or both parties might in retrospect wish that more information were in the administrative record, but that does not justify after-the-fact efforts to help that information 'f[ind] its way into' the proceedings").

Here, the Secretary filed a nearly 4,000 page record that he certified as the complete record of all evidence compiled and considered by the agency when the final decision was made. [Doc. No. 17]. Thus, the Court need not entertain or consider the new evidence that is not contained in that record and that the Secretary's counsel has proffered as an attachment in support of a reply brief. *See Pacific Shores Subdivision California Water District v. United States Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("Once an agency presents a certified copy of the complete administrative record to the court, the court presumes that the record is properly designated."); *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 57 (D.D.C. 2003) ("It is the agency that did the 'considering,' and that therefore is in a position to indicate initially which of the materials were 'before' it . . . .").

**2.     The Form of Plaintiff's Objection is Irrelevant.**

When a party seeks to introduce evidence that is not contained in the administrative record already in existence, then the appropriate response from the Court is to strike, exclude, reject, ignore, or otherwise eliminate the offending material from the court's review. *See Boswell*, 749 F.2d at 793-94 (discussing that portions of briefs pertaining to extra-record exhibits were "struck" and "ignored" by the Court of Appeals); *Environmental Defense Fund, Inc. v. Costle*, 657 F.2d 275, 284 n.32 (D.C. Cir. 1981) (holding that the Court of Appeals properly granted a motion to strike four litigation affidavits submitted by plaintiff in support of its motion for summary judgment as well as a motion to strike new arguments raised in plaintiff's reply brief). Plaintiff's objection in whatever form to the introduction of non-record evidence is appropriate and should be sustained.

The Secretary's reliance upon the language of Federal Rule of Civil Procedure 12(f), asserting that the rule limits motions to strike only to pleadings, is misplaced. S*ee AT & T Information Systems, Inc. v. General Servs. Admin.*, 810 F.2d 1233, 1236 (D.C. Cir. 1987) (noting that the courts on review of agency action have repeatedly barred introduction of litigation affidavits to supplement the administrative record). This Court has repeatedly granted motions to strike materials outside the administrative record so as to properly limit judicial review to the administrative record already in existence. *See, e.g., Doe v. Mamsi Life & Health Ins. Co.*, 471 F. Supp. 2d 139, 145 n.2 (D.D.C. 2007) (granting motion to strike evidence not in the administrative record); *Beverly Enterprises, Inc. v. Herman*, 130 F. Supp. 2d 1, 7-8 (D.D.C. 2000) (same); *Fund for Study of Economic Growth and Tax Reform v. IRS*, 997 F. Supp. 15, 18-19 (D.D.C. 1998) (same). Plaintiff's motion to strike is entirely appropriate and should be granted.

### 3. The 2002 Letter to State Medicaid Directors Is Properly Before the Court.

Defendant justifies his attempt to augment the record in this case by claiming that Plaintiff relies on "non-record evidence . . . to advance its case in chief." Def. Opp. at 4. The 2002 Letter to State Medicaid Directors is not "evidence" pertaining to the factual basis for Plaintiff's claim or the decision below. That letter is an official agency pronouncement to all State Medicaid agencies of the Secretary's interpretation of the term "medical assistance" as used in the Federal Medicaid statute. This Court may take judicial notice of such interpretative guidance and consider it in assessing the Plaintiffs' argument that the Secretary's inconsistent interpretation of the same term in this case is an arbitrary and capricious departure from established agency precedent. *See Hyatt v. Dudas*, 393 F. Supp. 2d 1, 14 n.13 (D.D.C. 2005), *rev'd on other grounds*, 492 F.3d 1365 (Fed. Cir. 2007) (an agency manual, although lacking the force of law, is entitled to judicial notice as an official interpretation of statutes and regulations). Indeed, conceding the propriety of the Court's attention this letter, it was Defendant, not Plaintiff, who filed with this Court a copy of the 2002 policy letter (which is published on the internet at http://www.cms.hhs.gov/smdl/downloads/smd081602.pdf).

### 4. The Court Should Grant Plaintiff's Motion for Leave to File a Sur-Reply.

The standard for granting leave to file a sur-reply is "whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (citing *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998)). As set forth in Plaintiff's motion and the accompanying sur-reply, the Secretary's reply brief asserted for the first time at least four new arguments that clearly lack merit. The Secretary's opposition to

- 5 -

Plaintiff's motion nowhere references where these arguments were asserted in the Secretary's prior briefing. Plaintiff, therefore, should be granted an opportunity to respond to them in its sur-reply.

        Respectfully submitted,

        /s/ Stephanie A. Webster
        Stephanie A. Webster
         DC Bar No. 479524
        Christopher L. Keough
         DC Bar No. 436567
        VINSON & ELKINS L.L.P.
        1455 Pennsylvania Avenue, N.W.
        Suite 600
        Washington, D.C.  20004-1008
        (202) 639-6500 (phone)
        (202) 639-6604 (fax)

        Counsel for Plaintiff

May 13, 2008